IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:20-cv-00675-MR

| | |
|---|---|
| KAREEM ABDULLAH KIRK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| CRAIG STEVENSON DAVIS, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the Complaint [Doc. 1] and on the *pro se* Plaintiff's Motion to Proceed *In Forma Pauperis* [Doc. 2]. Also pending is Defendant Mecklenburg County's Motion to Dismiss for Failure to State a Claim [Doc. 10].

**I.    BACKGROUND**

The *pro se* Plaintiff is presently serving a sentence of more than 36 years on state abduction and statutory sexual charges at the Albemarle Correctional Institution.[1] He filed this civil rights action pursuant to 42 U.S.C.

---

[1] A factual background of the North Carolina charges may be located in the appellate opinion. See State v. Kirk, 221 N.C. App. 245, 725 S.E.2d 923 (2012) (footnote omitted); Fed. R. Evid. 201 (addressing judicial notice).

§§ 1983 and 1985 on November 30, 2020,[2] addressing incidents that occurred in July 2007 related to a search of his home and that allegedly resulted in the violation of Plaintiff's constitutional rights, various state statutes, policies, and regulations. The Plaintiff names as Defendants: the City of Charlotte; Mecklenburg County; April N. Phifer and Jane Doe, Mecklenburg County magistrates; Craig Stevenson Davis and M. Williams, captains with the Charlotte Mecklenburg County Police Department ("CMPD"); William Todd Walther, a CMPD detective; and Krista Dodd, Benjamin West, and John Doe, CMPD officers. [Doc. 1].

Defendant Mecklenburg County moves to dismiss this action on *res judicata* grounds, arguing that the Plaintiff previously named many of the same Defendants and raised the same issues challenging the validity of the search warrant, his conviction, and his incarceration in a Complaint in the Superior Court of Mecklenburg County, King v. City of Charlotte, et al., 17CVS11979. [Doc. 10]. The Plaintiff was informed of his right to respond to the Motion to Dismiss pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). [Doc. 14]. The Plaintiff was also informed that it appeared on the face of the Complaint that this action is subject to dismissal as time-barred

---

[2] Houston v. Lack, 487 U.S. 266 (1988) (establishing the prisoner mailbox rule); see Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to § 1983 case).

2

Case 3:20-cv-00675-MR   Document 20   Filed 04/26/21   Page 2 of 6

because it was filed more than three years after the causes of action accrued. [Id.]. The Plaintiff filed a Response to the Motion to Dismiss [Doc. 12][3] and a Memorandum addressing the timeliness of the Complaint [Doc. 17]. Defendant Mecklenburg County declined to reply.[4] [Docs. 13, 18]. Having been fully briefed, this matter is ripe for disposition.

## II. DISCUSSION

The Prison Litigation Reform Act's (PLRA) three-strikes rule "generally prevents a prisoner from bringing suit *in forma pauperis* (IFP) – that is, without first paying the filing fee – if he has had three or more prior suits 'dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim on which relief may be granted.'" Lomax v. Ortiz-Marquez, 140 S.Ct. 1721, 1723 (2020) (quoting 28 U.S.C. § 1915(g)). Any of the enumerated types of dismissals count as a strike, "whether [the dismissals are] with prejudice or without." Id. To avoid application of the three-strikes bar, a prisoner must demonstrate that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The requisite imminent danger must address a danger that is "close at hand, not a past infraction," and "must

---

[3] The Plaintiff filed his Response to the Motion to Dismiss prior to the Court's issuance of the Roseboro Order. He was granted the opportunity to amend his Response but declined to do so. [See Doc. 12].

[4] The other Defendants have not yet been served.

have some nexus or relation to those of the underlying complaint." Meyers v. Comm'nr of Soc. Sec. Admin., 801 F. App'x 90, 96 (4th Cir. 2020). "Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g); rather, the inmate must make 'specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" Johnson v. Warner, 200 F. App'x 270, 272 (4th Cir. 2006) (quoting Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)).

The Plaintiff has filed at least three prior civil actions that count as strikes under § 1915(g): Kirk v. Gilchrist, 3:07-cv-00392-GCM, 2007 WL 2973845 (W.D.N.C. Oct. 9, 2007) (§ 1983 action dismissed for failure to state a claim); Kirk-Bey v. Charlotte Mecklenburg P.D., 3:13-cv-00330-RJC, 2013 WL 12099486 (W.D.N.C. July 29, 2013) (§ 1983 action dismissed pursuant to Heck v. Humphrey, 512 U.S. 477 (1994)), aff'd 553 F. App'x 317 (4th Cir. 2014); Kirk-Bey v. U.S. Congress, 1:14-cv-00053-MOC, 2014 WL 931113 (W.D.N.C. March 10, 2014) (action filed pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) and FTCA dismissed pursuant to Heck, noting that this is the Plaintiff's third frivolous civil action raising the same subject matter); Kirk v. Obama, 5:15-

ct-03146-BO (E.D.N.C.) (§ 1983 action dismissed as frivolous, noting that this is considered a strike under § 1915(g)).

The Plaintiff's present claims relate to the circumstances of his 2007 detention, arrest, and prosecution; he does not appear to argue that he is in imminent danger of physical harm. The Plaintiff has filed at least three prior civil actions that count as strikes; he has not prepaid the filing fee; and he has failed to demonstrate that he is in imminent danger of physical harm. Therefore, he may not proceed *in forma pauperis* pursuant to § 1915(g) and the Court will dismiss the Complaint without prejudice.[5] The Order granting the Plaintiff leave to proceed *in forma pauperis* will be vacated and Mecklenburg County's pending Motion to Dismiss will be denied as moot.

## III. CONCLUSION

In sum, the Complaint will be dismissed as barred by the three-strikes provision of 28 U.S.C. § 1915(g). The Order granting the Plaintiff leave to proceed *in forma pauperis* will be vacated and Defendant Mecklenburg County's Motion to Dismiss will be denied as moot.

---

[5] Even if the Complaint were not barred by the three-strikes provision of § 1915(g), the Court would dismiss it because, on the face of the Complaint, it is barred by the three-year statute of limitations and Heck v. Humphrey, 512 U.S. 477 (1994).

**IT IS, THEREFORE, ORDERED** that:

(1)  The Order waiving the initial partial filing fee and directing monthly payments from Plaintiff's inmate account [Doc. 11] is **VACATED**, and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 2] is **DENIED**.

(2)  The Plaintiff's Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g).

(3)  Defendant Mecklenburg County's Motion to Dismiss [Do. 10] is **DENIED AS MOOT**.

The Clerk of Court's Financial Department is instructed to reimburse Plaintiff for funds that have been collected for the payment of his filing fee in this case, if any, and the Clerk is respectfully instructed to mail a copy of this Order to the Albemarle Correctional Institution so that withdrawals from Plaintiff's inmate account for this case can be terminated.

The Clerk of Court is instructed to add the Plaintiff to the Filer Status Report in CM-ECF and close this case.

**IT IS SO ORDERED.**   Signed: April 26, 2021

Martin Reidinger
Chief United States District Judge

6

Case 3:20-cv-00675-MR   Document 20   Filed 04/26/21   Page 6 of 6