IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:20-cv-00675-MR

| | |
|---|---|
| KAREEM ABDULLAH KIRK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| CRAIG STEVENSON DAVIS, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's pro se "Motion for Relief from a Judgment or Order Under Rule 60(b)(6) of Federal Rules of Civil Procedures" [Doc. 22].

The incarcerated pro se Plaintiff filed this civil rights action pursuant to 42 U.S.C. §§ 1983 and 1985 on November 30, 2020,[1] addressing incidents that occurred in July 2007 related to a search of his home and that allegedly resulted in the violation of Plaintiff's constitutional rights, various state statutes, policies, and regulations. On April 26, 2021, the Court dismissed this action because it found that the Plaintiff had previously filed at least three

---

[1] Houston v. Lack, 487 U.S. 266 (1988) (establishing the prisoner mailbox rule); see Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to § 1983 case).

prior civil actions that count as strikes pursuant to 28 U.S.C. § 1915(g). [Doc. 20]. The Court noted that, even if the Complaint were not barred by the three-strikes provision of § 1915(g), the Court would dismiss it because it is barred by the three-year statute of limitations, and by the abstention principles set forth in Heck v. Humphrey, 512 U.S. 477 (1994).[2] [Id. at 5, n.5]. A Judgment was entered and the case was closed on April 27, 2021. [Doc. 21].

The Plaintiff filed the instant Motion seeking Rule 60(b)(6) relief on October 10, 2022. [Doc. 22]. He argues that the Court should not have dismissed his Complaint because he does not have three or more "strikes" under § 1915(g); that this case is not barred by the statute of limitations; and that Heck does not apply. Defendant Mecklenburg County has filed a Notice that it does not intend to respond to the Plaintiff's Motion.[3] [Doc. 23].

Rule 60(b) permits a court to correct orders and provide relief from judgment under the following circumstances:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

---

[2] The Plaintiff had the opportunity to address the timeliness of the Complaint as well as *res judicata* issues that were raised by Defendant Mecklenburg County. [See Doc. 10: Motion to Dismiss; Doc. 14: Roseboro Order].

[3] The other Defendants were not served and have not appeared in this action.

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The high bar of Rule 60(b) allows a court to overcome the "sanctity of final judgments" in "extraordinary" cases, and only "upon a showing of exceptional circumstances." Compton v. Alton Steamship Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979) (citation and internal quotation marks omitted); Dowell v. State Farm Fire Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993).

To seek relief under Rule 60(b), a plaintiff must first show "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." Werber v. Carbo, 731 F.2d 204, 206-07 (4th Cir. 1984) (footnote omitted). "After a party has crossed this initial threshold, [it] then must satisfy one of the six specific sections of Rule 60(b)." Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295, 299 (4th Cir. 2017) (citation omitted). A Rule 60(b) motion must be made within a "reasonable

3

time," and for reasons (1) through (3), "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c).

In his motion, the Plaintiff argues that the Court erred in concluding that he has three or more "strikes" pursuant to § 1915(g), that the action is time-barred, and that Heck applies. [Doc. 22] Although the Plaintiff claims to be seeking relief under Rule 60(b)(6), it appears that he is actually seeking relief pursuant to Rule 60(b)(1).[4] As such, his motion is subject to the one-year limit under Rule 60(c). See Kemp v. United States, 142 S.Ct. 1856, 1861-62 (2022) (noting that Rule 60(b)(1) "covers all mistakes of law made by a judge," and the one-year limit applies to such errors). The Plaintiff filed this Motion well outside the one-year limit to do so under Rule 60(b)(1). As such, the Plaintiff's Motion is untimely and is therefore denied.[5]

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion for Relief from a Judgment or Order Under Rule 60(b)(6) of Federal Rules of Civil Procedures" [Doc. 22] is **DENIED**.

---

[4] Even if the Motion could be construed a one pursuant to Rule 60(b)(6), the Plaintiff has failed to show how the Motion was filed within a "reasonable time."

[5] Even if the Motion had been timely filed, it would still be denied because the Plaintiff has failed to demonstrate that an error occurred or that any other theory supports relief. Rather, he merely expresses his disagreement with the Court's conclusions.

4

**IT IS SO ORDERED.**

Martin Reidinger
Chief United States District Judge